|   |   |
|---|---|
| AMADO VERGARA, Booking #18177136, <br><br>                            Plaintiff, <br><br>vs. <br><br>ESCONDIDO POLICE DEPARTMENT; SAN MARCOS SHERIFFS; JESICA ATKINS; MARK WILLIAMS, <br><br>                          Defendants. | Case No.: 3:19-cv-00163-LAB-NLS <br><br>**ORDER:** <br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 4]** <br><br>**AND** <br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Amado Vergara ("Plaintiff"), while detained at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on January 24, 2019. (*See* Compl., ECF No. 1.) Plaintiff claims the Escondido Police Department, San Marcos Sheriffs, and two private citizens violated his Fourth and Fifth Amendment rights during what appear to be March, April, and May 2018 San Diego County Superior Court criminal proceedings involving the alleged violation of an "expired" restraining order and false charges of child abduction. (*See* Compl., ECF No. 1 at 1-4.)

## I. Procedural History

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). On February 6, 2019, the Court denied his IFP Motion because he failed to attach copies of his trust account statements as required by 28 U.S.C. § 1915(a)(2), but granted leave to correct that deficiency. (*See* ECF No. 3.)

On February 28, 2019, Plaintiff responded by filing a renewed Motion to Proceed IFP, this time attaching the trust account documentation missing from his prior attempt (ECF No. 4).

## II. Renewed Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his renewed IFP Motion, Plaintiff has now submitted a prison certificate certified by a San Diego County Sheriff's Department Detentions Lieutenant, together with a copy of his Inmate Trust Account Activity from August 19, 2018 through February 19, 2019. *See* ECF No. 4 at 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had a total of $20 credited to his account over that time, and that he had only $.06 on the books at the time of filing. *See* ECF No. 4 at 6.

Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's renewed Motion to Proceed IFP (ECF No. 4), declines to exact any initial filing fee because his trust account statements show he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Watch Commander at the SDCJ, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

## III. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B. <u>Plaintiff's Allegations</u>

While it is not altogether clear, Plaintiff appears to claim he was subject to a "probationary CPO" [civil protective order] that "expired when [his] probation terminated [on] 6/24/17," after he completed a "court-ordered DV [domestic violence] class & paid [his] fines." (*See* Compl., ECF No. 1 at 3.)

On March 25, 2018, and again on April 12, 2018, Plaintiff claims Jesica Atkins, the mother of his children, lied to both the Escondido Police Department and the state court in an effort to "ruin [sic] [his] life" and his relationship with his kids by reporting he had violated a restraining order. (*Id.* at 2, 3.) Plaintiff further claims the Escondido Police "didn't check to see if [the] CPO was current or expired," and "gave doctored papers to Jesica to help her get a new CPO." (*Id.* at 2.)

On April 13, 2018, Plaintiff alleges Mark Williams, who is alleged only to be "retired" and to live in Valley Center, also lied to San Marcos Sheriffs and told them Plaintiff had kidnapped his son. (*Id.* at 2, 4.) Plaintiff contends he "had every right to be

5

3:19-cv-00163-LAB-NLS

with [his] son," and "was walking to [his] sister's house," when the "cops" stopped, harassed, cornered him, searched him illegally by claiming he had a "4th waiver," took his son, and gave him to Williams who "directly put[] him in danger" by allowing him to drive away without a car seat. (*Id.* at 2, 4.) Plaintiff claims he was then charged with "willful harm to a child" and taken into custody. (*Id.*)

He seeks $20 million in general and punitive damages, as well as injunctive relief preventing "future harassment," "full custody of all [his] children and no child support for Jesica Atkins." (*Id.* at 7.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Escondido Police Department and San Marcos Sheriff's

First, to the extent Plaintiff names both the "Escondido Police Department" and "San Marcos Sheriffs" as Defendants, he fails to state a claim upon which § 1983 relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, local law enforcement departments (like the Escondido Police Department or the San Marcos Sheriffs) are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section

1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The Escondido Police Department and the San Marcos Sheriffs are departments of the City of Escondido, and/or the County of San Diego—but neither is a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from section 1983 action "with prejudice" because it "is a subdivision of a local government entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal. Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes of section 1983); *Wade v. Fresno Police Dep't*, 2010 WL 2353525 at *4 (E.D. Cal. June 9, 2010) (finding the Fresno Police Department to not be a "person" under section 1983). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against either the "Escondido Police" or the "San Marcos Sheriffs." *See Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) ("Because the Solano County Sheriff's Department is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

///

///

### E. Private Parties

Second, to the extent the only other named Defendants (Atkins and Williams) are sued as private persons who allegedly "lied" to the police and sheriff's officials regarding either the violation of a civil protective order, or based on claims that Plaintiff had "kidnapped" his own son, *see* Compl., ECF No. 1 at 2-4, his Complaint also fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A person "acts under color of state law [for purposes of § 1983] only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff claims Defendants are private citizens who provided information to law enforcement regarding ongoing domestic child custody disputes and Plaintiff's alleged involvement in pending state criminal matters. (*See* Compl., ECF No. 1 at 2.) "It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'" *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983).

A private actor may be liable under Section 1983 if the individual commits constitutional violations as part of a conspiracy or joint action with a state actor. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.") (citation omitted); *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (private individual acts "under color of state law" where "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity"); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (private individual found liable under § 1983 based on conspiracy with state actor—i.e., entry into "an agreement or meeting of the minds" with the police to violate plaintiff's constitutional rights) (citation and internal quotation marks omitted). But Plaintiff has the burden to establish state action, *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011), and his Complaint contains no allegations to

plausibly suggest Atkins or Williams cooperated in any way with state actors, much less engaged in a conspiracy with them to violate his constitutional rights. *DeGrassi*, 207 F.3d at 647.

For this additional reason, Plaintiff's Complaint must be dismissed for failing to state a claim upon which § 1983 can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Woldmskel v. Keg N Bottle Liquor Store*, No. 15-CV-2469 WQH (PCL), 2016 WL 245850, at *3 (S.D. Cal. Jan. 21, 2016) (dismissing § 1983 claims sua sponte against private actors not alleged to have acted under color of state law pursuant to 28 U.S.C. § 1915(e)(2)).

The Court finds that Plaintiff's Complaint fails to state any plausible claim for relief against any named Defendant, and that therefore, the entire Complaint is subject to sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Because he is proceeding pro se, the Court having now provided him with "notice of the deficiencies in his complaint," also grants Plaintiff an opportunity to fix them, if he can.[2] *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

---

[2] The Court notes Plaintiff alleges he was "taken into custody," that he filed suit while still detained at SDCJ, and he seeks damages based on what may still be ongoing state criminal proceedings. *See* Compl., ECF No. 1 at 2, 4. To the extent criminal proceedings were initiated against Plaintiff but have since been resolved adverse to him, his civil action may also be barred under *Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994), because success on the merits of Plaintiff's unlawful arrest claims could necessarily imply the invalidity of the criminal judgment rendered against him. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (claim of false arrest is *Heck*-barred where a showing that there was no probable cause to arrest would necessary imply that the conviction was invalid); *see also Kyles v. Baker*, 72 F. Supp. 3d 1021, 1035 (N.D. Cal. 2014) (same). Therefore, in further amending his Complaint, Plaintiff should also include facts relating to any criminal judgment that may have been rendered against him as the result of his April 13, 2018 arrest. In particular, Plaintiff should state whether such a judgment occurred and, if so, whether it has since been set aside or otherwise invalidated. *Heck*, 512 U.S. at 486-87 ("In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

## IV. Order

The Court:

1. **GRANTS** Plaintiff's renewed Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 4);

2. **DIRECTS** the Watch Commander of the SDCJ, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101; and

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

---

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus").

10

3:19-cv-00163-LAB-NLS

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 7, 2019

**Hon. Larry Alan Burns**
Chief United States District Judge