# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO VERGARA, Booking #18177136,<br><br>                     Plaintiff,<br><br>vs.<br><br>ESCONDIDO POLICE DEPARTMENT; SAN MARCOS SHERIFFS; JESICA ATKINS; MARK WILLIAMS,<br><br>                     Defendants. | Case No. 3:19-cv-00163-LAB-NLS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

Amado Vergara ("Plaintiff"), while detained at the San Diego Central Jail, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 24, 2019. (*See* Compl., ECF No. 1.) Plaintiff claimed the Escondido Police Department, San Marcos Sheriffs, and two private citizens violated his Fourth and Fifth Amendment rights during March, April, and May 2018 San Diego County Superior Court criminal proceedings involving the violation of an allegedly expired restraining order against him and false charges of child abduction. (*Id.* at 1-4.)

**I.    Procedural History**

On May 7, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, but dismissed his Complaint for failing to state any claim upon which

relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 5.) Plaintiff was advised of his pleading deficiencies, and granted 45 days leave in which to file an Amended Complaint that fixed them. (*Id.* at 5-10.) Plaintiff was also cautioned, however, that if he failed to file an Amended Complaint that cured his pleading defects, the Court would dismiss his case. (*Id.* at 11, *citing Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before June 21, 2019, and more than two months have passed since the Court issued its May 7, 2019 Order. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's May 7, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**

Dated: July 8, 2019

*/s/ Larry A. Burns*

**Hon. Larry Alan Burns**
Chief United States District Judge